IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JANAY CEPHAS, | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.: WDQ-13-1935 |
| UNITED STATES OF AMERICA, et al. | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Janay Cephas, *pro se*, brought this Petition against the Government to quash an IRS third-party summons. ECF No. 1. Pending is the Government's motion to dismiss or deny the petition. ECF No. 3. No hearing is necessary. Local Rule 105.6 (D. Md. 2012). For the following reasons, the motion will be granted.

I. Background[1]

IRS Revenue Agent Melanie Moreno is investigating Cephas's federal tax liability for the years 2010-2012. ECF No. 3 at 1. On June 20, 2013, Agent Moreno issued a third-party summons (the "Summons") to Bank of America seeking all documents about

---

[1] The facts are taken from the petition, ECF No. 1, and accompanying exhibits, and the Government's opposition to the petition, ECF No. 3, and accompanying exhibit.

financial transactions involving Cephas. ECF Nos. 1-2, 3 at 1. The same day, Agent Moreno notified Cephas of the Summons. ECF No. 3 at 2. On July 2, 2013, Cephas filed a petition to quash the Summons. ECF No. 1. On July 11, 2013, the Court ordered the Government to respond to the petition. ECF No. 2. On August 1, 2013, the Government moved to dismiss or deny the petition.[2] ECF No. 3.

II. Enforcement of the Summons

When a person moves to quash an IRS summons, the IRS may seek enforcement of that summons. 26 U.S.C. § 7609(b)(2)(A). To obtain enforcement, the IRS must make a *prima facie* showing that: (1) an investigation for a legitimate purpose is being conducted; (2) the inquiry may be relevant; (3) it does not

---

[2] The Court has jurisdiction to hear the petition to quash the Summons under 26 U.S.C. § 7602(b)(2)(A). Sub-section (B) requires the petitioner to serve notice of the petition on the summoned third-party and the IRS. § 7602(b)(2)(B). The service requirements are jurisdictional. *See Bell v. United States*, 521 F. Supp. 2d 456, 458-59 (D. Md. 2007) *aff'd*, 275 F. App'x 221 (4th Cir. 2008). The Government makes conflicting, equivocal statements about whether it was properly served. *Compare* ECF No. 3 at 1 ("although the service of process has been obtained") *with* ECF No. 3 at 3 ("it does not appear that Petitioner properly served the IRS"). The Government does not, however, challenge the Court's subject matter jurisdiction over the petition. ECF No. 3 at 3. Accordingly, because the IRS does not challenge the Court's jurisdiction, the Court finds it is more likely than not that the IRS was properly served and will decide the petition. *See U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (subject matter jurisdiction must be proved by a preponderance of the evidence).

possess the information sought; and (4) the proper administrative procedure has been followed. *United States v. Powell*, 379 U.S. 48, 57-58, 85 S. Ct. 248, 13 L. Ed. 2d 112 (1962); *Conner v. United States*, 434 F.3d 676, 680 (4th Cir. 2006); *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987). The IRS may establish these requirements "by an affidavit of an agent involved in the investigation averring the *Powell* good faith elements." *Conner*, 434 F.3d at 680 (quoting *Alphin*, 809 F.2d at 238 (internal quotation marks omitted)). If the IRS makes such a showing, it is entitled to an enforcement of its summons, "unless the taxpayer can show that the IRS is attempting to abuse the court's process" or disproves any element of the *prima facie* case. *See Conner*, 434 F.3d at 680 (quoting *United States v. Stuart*, 489 U.S. 353, 360, 109 S. Ct. 1183, 103 L. Ed. 2d 388 (1989)); *United States v. McHenry*, 552 F. Supp. 2d 571, 573 (E.D. Va. 2008). "The taxpayer's burden in rebutting the government's *prima facie* case is a heavy one." *McHenry*, 552 F. Supp. 2d at 573;[3] *Alphin*, 809 F.2d at 238. The IRS's burden to show it issued a summons in good faith is "slight or minimal." *Conner*, 434 F.3d at 680 (quoting *Mazurek*

---

[3] *Citing Mollison v. United States*, 481 F.3d 119, 122 (2d Cir. 2007); *2121 Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1224 (7th Cir. 1997); *United States v. Leventhal*, 961 F.2d 936, 939-40 (11th Cir. 1992); *United States v. Will*, 671 F.2d 963, 965 (6th Cir. 1982).

v. *United States*, 271 F.3d 226, 230 (5th Cir.2001) (internal quotation marks omitted)).

1. Proper Purpose

The IRS may summons records about an individual's tax liability for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws."[4] 26 U.S.C. § 7602(a), (b). In seeking judicial enforcement of a summons, the IRS may not abuse the court's process by, for example, issuing a summons for an improper purpose. *See Powell*, 379 U.S. at 58; *Alphin*, 809 F.2d at 238. Examples of improper purposes include "to harass the taxpayer or to put pressure on him to settle a collateral dispute." *Powell*, 379 U.S. at 58.

---

[4] Cephas asserts that the IRS lacks authority to issue the Summons, because it is not a federal agency, "the Internal Revenue Code is [not] positive law," and the Code only applies to federal employees. See ECF No. 1 at 4. These arguments lack merit. *See, e.g., Maehr v. United States*, 3:08-MC-00067-W, 2008 WL 2705605, at *2 (W.D.N.C. July 10, 2008) (reviewing and rejecting these common arguments made by tax protesters). Cephas also contends that only small businesses and self-employed individuals are subject to tax scrutiny. See ECF No. 1 at 4. This argument is also meritless. *See, e.g., Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2594, 2600, 183 L. Ed. 2d 450 (2012) (Taxes on individuals are enforced by the IRS.). Finally, Cephas claims that the IRS never determined that she is a taxpayer. ECF No. 1 at 5. However, she has not produced any evidence that she is not a taxpayer, and even acknowledges that she has filed income taxes in the past. *See* ECF No. 1-1 at 1. Her argument fails, and the IRS has authority to inquire into Cephas's tax liabilities. *See Maehr*, 2008 WL 2705605, at *2.

4

Agent Moreno declares that the Summons was issued "in furtherance of" her "investigation into the tax liability of Janay Cephas" for the years 2010-2012. ECF No. 3-1 at 1. The documentation she has suggests that Cephas did not report all her income for those years. *See id.* Cephas asserts that the IRS's investigation is "frivolous" and constitutes "harassment and malicious prosecution." ECF No. 1 at 5. She also contends that the IRS is engaged in an "invasive . . . fishing" expedition that violates her constitutional and privacy rights. *Id.* The IRS has made a *prima facie* showing of a proper purpose for the Summons--its investigation into Cephas's tax liability. *See McHenry*, 552 F. Supp. 2d at 573. Cephas's bare allegations of improper purpose, unsupported by facts, are insufficient to rebut this showing.[5] The Government has satisfied *Powell*'s first requirement.

2. Relevancy of the Records

The Government must show that the Summons is relevant to the purpose of the investigation. *Powell,* 379 U.S. at 57. The IRS has the authority to "examine any books, papers, records, or

---

[5] *See Uhrig v. United States*, 592 F. Supp. 349, 354 (D. Md. 1984) (conclusory allegations of "bad faith" and "unclean hands" were "unsupported by facts" and thus insufficient to rebut "prima facie showing of good faith"); *Alphin*, 809 F.2d at 238 ("[T]he party challenging the summons must allege specific facts in its responsive pleadings, supported by affidavits, from which the court can infer a possibility of some wrongful conduct by the IRS.")

5

other data which may be relevant" to determining tax liability. 26 U.S.C. § 7602(a)(1). This standard "allow[s] the IRS to obtain items of even *potential* relevance to an ongoing investigation." *United States v. Arthur Young & Co.*, 465 U.S. 805, 814, 104 S. Ct. 1495, 79 L. Ed. 2d 826 (1984) (emphasis in original). This is a low threshold that is crossed when the Government shows that the investigation might shed light on the correctness of the individual's tax returns. *United States v. Richards*, 631 F.2d 341, 345 (4th Cir. 1980).

Agent Moreno declares that the records she seeks will enable her to determine if Cephas did not report all of her "income in each of the tax years under examination." ECF No. 3-1 at 3. Although Cephas contends that the information Agent Moreno seeks is sensitive and private, she does not dispute its relevancy to the investigation. *See* ECF No. 1 at 5. Agent Moreno's declaration establishes that the Summons is relevant to the investigation. *See Richards*, 631 F.2d at 345.

3. The IRS Does Not Possess the Information

Agent Moreno declares that the information requested in the Summons is not "already in the possession of the [IRS]."[6] ECF

---

[6] Bank of America has complied with the Summons, but Agent Moreno avers that the envelope containing the requested records remains unopened, *see* ECF No. 3-1 at 2, 3 at 7, presumably pending the Court's resolution of Cephas's petition. Accordingly, after granting the Government's motion to deny the petition, the Court

6

No. 3-1 at 2. She asserts that she requested the bank records from Cephas, but that Cephas did not comply with the request. *Id.* at 3. Cephas does not dispute these assertions. Accordingly, the Government has satisfied *Powell*'s third requirement.

4. Administrative Steps

Agent Moreno has declared that in furtherance of the investigation, and in accordance with 26 U.S.C. §§ 7602-7603, on June 20, 2013, she (1) issued the Summons to Bank of America, (2) served an attested copy of the Summons on Bank of America by certified mail, and (3) gave Cephas notice of the Summons. ECF No. 3-1 at 1-2. Agent Moreno also declared that all administrative steps have been followed. *Id.* at 2.

Cephas contends that Agent Moreno was required to give her notice of the Summons before she sent it to Bank of America.[7]

---

need not order enforcement of the Summons, and Agent Moreno may examine the records provided by Bank of America.

[7] Cephas also asserts that the Summons is void, because it was not signed by a judge before issuance. See ECF No. 1 at 4-5. However, the IRS is not required to obtain judicial approval before issuing a summons under § 7602. See § 7602(a)(2); *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 311, 105 S. Ct. 725, 726, 83 L. Ed. 2d 678 (1985). Similarly, Cephas contends that the Summons violates her 4th Amendment rights against unreasonable search and seizures. ECF No. 1 at 5. However, the 4th Amendment does not protect records held by third parties, such as banks. *United States v. Miller*, 425 U.S. 435, 443, 96 S. Ct. 1619, 1624, 48 L. Ed. 2d 71 (1976) ("The depositor takes the risk, in revealing his affairs to another,

*See* ECF No. 1 at 4. Section 7602 requires the IRS to give "reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made." § 7602(c)(1). Agent Moreno avers that she provided this notice to Cephas in her initial letter to Cephas informing her of the audit. *See* ECF No. 3-1 at 2. Section 7609 requires the IRS to give the taxpayer notice "within 3 days of the day on which service is made" of a summons on the third party. § 7609(a)(1). Agent Moreno attests that she served this notice on Cephas on June 20, 2013, the same day she served Bank of America. ECF No. 3-1 at 1-2. Because Cephas's allegation is not supported by a declaration under oath, it is insufficient to rebut Agent Moreno's sworn affidavit. *See Alphin*, 809 F.2d at 238; *Uhrig*, 592 F. Supp. at 353; *cf. McHenry*, 552 F. Supp. 2d at 573 (taxpayer has a "heavy burden" to rebut government's *prima facie* case). Finally, Cephas alleges that Agent Moreno was required to file the Summons with the U.S. Attorney General and District Attorney. ECF No. 1 at 6. However, § 7609(a)(1) only requires the IRS to give notice of the Summons to the taxpayer, and Cephas acknowledges that she received this notice,[8] *see* ECF No. 1

---

that the information will be conveyed by that person to the Government.").

[8] Cephas asserts that Agent Moreno has "not provided Petitioner with any documents verifying any facts at issue with Petitioner." ECF No. 1 at 4. To the extent she is referring to

8

at 6. Thus, the Government has satisfied *Powell*'s fourth requirement and established a *prima facie* case for enforcement of the Summons.[9] *See Powell*, 379 U.S. at 57-58. Because Cephas has not established that enforcement of the Summons would abuse the Court's process,[10] the Court will grant the Government's motion to deny the petition to quash. *See Conner*, 434 F.3d at 680.

---

notice of the Summons, she acknowledges she received it, *see* ECF No. 1 at 6, and acknowledges she received notice of the overall audit of her tax liabilities, *see* ECF No. 1-1 at 1.

[9] Because the Government has established its entitlement to enforcement of the Summons, Bank of America's compliance with the Summons will not cause, as Cephas claims, a crime to occur against her. *See* ECF No. 1 at 6; *cf. Powell*, 379 U.S. at 57-59 (authorizing enforcement of an IRS summons, if the IRS satisfied *Powell*).

[10] Cephas asserts that the tax audit has caused her "much stress, anxiety, and [loss] of employment." ECF No. 1 at 4. Although unfortunate, this does not, standing alone, establish that the IRS is abusing the Court's process in seeking enforcement of the Summons. *Cf. Groder v. United States*, 816 F.2d 139, 144 (4th Cir. 1987) (abuse of process tied to showing of bad faith--"fraud or deceit on the part of the government").

III. Conclusion

For the reasons stated above, the Government's motion to deny the petition to quash will be GRANTED.

10/11/13
Date

/s/ *signature*
William D. Quarles, Jr.
United States District Judge